Nash, J.
 

 From thefact that this motion was not noticed1 by his Honor,, we are to conclude, that his Honor did not agree' with the counsel of the plaintiff’, and overruled his motion. We' think, if this were so, the Court erred; and ifiit were not literal- ■ ly so, there was error in not charging counsel, that the plaintiff1 was entitled to a verdict upon the point, when made by the' plaintiff’s counsel. What an individual says concerning his1 own rights and interest is always evidence against him, and'. evidence of the highest character. When the parties went upon the land for the purpose of surveying, it, in this as in*
 
 *550
 
 every other similar ease, the plaintiff’s lines were first to be {0 ascertajn where the land was he claimed. The sur- ' veyor, ignorant where to commence, was directed by the defendant, to begin at a particular spot, which he asserts is the beginning corner of the plaintifi’s land, and the yellow lines are run by his direction, as being the line? of the Whitfield grant. Here, then, was his distinct admission, as to the boundaries of that grant, and within them he had cleared and fenced in land, within four years before the bringing of the action. He had not had seven years adverse possession of that strip, under title. We think, under the testimony, the plaintiff was entitled to a verdict for the land so cleared within the yellow lines, and that the Court ought so to have instructed the jury.
 

 Per CuRiam, Judgment reversed and
 
 venire de novo.